UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VERNON ALLEN HARE,<br><br>Defendant. | Case No. 1:21-cr-00068-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Vernon Allen Hare's Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1) (Dkt. 45). Having reviewed the record and the parties' submissions, the Court finds that oral argument would not significantly aid its decision-making process, and it decides the motions on the record. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons discussed below, the Court denies the motion.

### I. BACKGROUND

On October 8, 2020, Caldwell Police encountered Defendant Venon Allen Hare while conducting a search of his friend's residence (Dkt. 34 at ¶¶ 6-7). Police reportedly recognized Hare and recalled that he had an outstanding (*id.* at ¶ 7). Police confirmed Hare had an active warrant

---

[1] While this case is a criminal case, the local civil rule regarding hearings will apply here because a general provision in the local civil rule will apply when there is no corresponding criminal rule. *See* Dist. Idaho Loc .Crim. R. 1.1(f); *United States v. Rush*, No. 1:22-cr-00045-DCN, 2024 WL 2245574, at *1 n.1 (D. Idaho May 16, 2024) (declining to hold a hearing regarding a motion for early termination of supervised release pursuant to local rules).

**MEMORANDUM DECISION AND ORDER - 1**

from California and was listed as an absconder (*id.*). While arresting Hare, police discovered Hare had two baggies of methamphetamine, a stretch rubber tourniquet for injecting methamphetamine, and a .32 caliber handgun (*id.* at ¶¶ 8-9). Police arrested Hare on the California warrant and the new charges related to the instant offense (*id.* at ¶ 9).

Hare's prior convictions include second degree attempted murder, for which he was sentenced to nine years in prison in 1996; battery by a prisoner, for which he was sentenced to five years in prison in 1999; and possession of drug paraphernalia, for which he was sentenced to 145 days in jail in 2021 (*id.* at ¶¶ 26-31). Following his incarceration in California state prison for his attempted murder and battery by prisoner convictions, Hare was released and serving his parole when he absconded and was eventually arrested in Idaho (*id.* at ¶¶ 29-30).

On March 3, 2021, a grand jury in the District of Idaho indicted Hare for one count of unlawful possession of a firearm under 18 U.S.C. § 922(g)(1) (Dkt. 1). Count One alleged Hare had previously been convicted of attempted second degree murder in California state court, a crime punishable by imprisonment exceeding one year, and that he knowingly possessed a firearm in violation of § 922(g)(1) (Dkt. 1 at 1-2). In January 2022, Hare pled guilty to the charge (Dkt. 18; Dkt. 23).

The Court sentenced Hare to forty-four months of imprisonment followed by three years of supervised release for his violation of § 922(g)(1) (Dkt. 36 at 2-3). After Hare's sentencing, the Government and Hare stipulated to reduce Hare's sentence under 18 U.S.C. § 3582(c)(2) from forty-four to thirty-seven months because of an amendment to the U.S. Sentencing Guidelines (Dkt. 41 at 2) (referencing Part A to Amended 821 to the Sentencing Guidelines, which alters the "status points" provision regarding criminal history, now appearing in Section 4A1.1(e)). Based

on that stipulation, the Court reduced Hare's sentence to thirty-seven months (Dkt. 42). Hare's term of supervised release remained three years.

Hare reports that, during his term of imprisonment, he completed the Bureau of Prison's ("BOP") Residential Drug Abuse Program (Dkt. 45 at 2). He also reports that on August 30, 2023, BOP released him to Port of Hope in Boise, Idaho (*id.*). On February 1, 2024, Hare began his term of supervised release (*id.*). Hare states that he has remained employed during his term of supervised release (*id.*). He explains he initially worked in a restaurant as a manager and cook but later moved to a role as an assistant separator operator at Amalgamated Sugar, where he continues to work (*id.* at 3). He also reports having a fiancé, with whom he currently lives and that he owns two vehicles (*id.* at 4). Hare attests he has remained sober during his term of supervised release (*id.*). As of the time of this order, Probation reports that Hare has had no violations while on supervised release (*id.* at 5).

Hare now moves this Court for early termination of his three years of supervised release (Dkt. 45). The Government opposes his motion (Dkt. 49). As of the time of this order, Hare has served roughly eighteen months of his three-year term of supervised release.

## II.    LEGAL STANDARD

The Court has the discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). In exercising this discretion, the Court may terminate supervision after the defendant has served one year of supervised release. 18 U.S.C. § 3583(e)(1). When deciding whether to terminate supervision, the court must review certain sentencing factors in 18 U.S.C. § 3583(e), including (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford

adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kind of sentence and the sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commissions; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)); *see also United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007).

A court must provide a succinct explanation of its analysis under the § 3553(a) factors when addressing a motion for early termination. *See Emmett*, 749 F.3d at 821-22. It need not, however, "tick off each of the [relevant] § 3553(a) factors." *Emmett*, 749 F.3d at 822 (citation omitted). Before granting a motion, the court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Neither "exceptionally good behavior" nor "extraordinary circumstances" are a prerequisite to early termination. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

### III.   ANALYSIS

After reviewing Hare's motion and considering the relevant § 3553(a) factors, the Court finds that early termination of Hare's supervised release would be improper because it is not in "the interest of justice." 18 U.S.C. § 3583(e)(1).

**A.   Nature and Circumstances of the Offense**

Hare was convicted of unlawful possession of a firearm, which is a serious offense. *See United States v. Gushwa*, No. 1:18-CR-00020-BLW, 2024 WL 4266434, at *2 (D. Idaho Sept. 23,

2024) (emphasizing defendant's possession of firearms as a factor weighing against early termination). At the time of his arrest in Idaho, he had a pending warrant from California and was reported to have absconded (Dkt. 34 at ¶ 7). When arrested, he possessed two baggies of methamphetamine and a .32 caliber handgun, which gave rise his federal charge for unlawful possession of a firearm (*id.* at ¶¶ 8-9). The nature and circumstances of Hare's underlying offense are serious and weigh against early termination.

B.     **History and Characteristics of the Defendant**

Turning to Hare's history and characteristics, the Court acknowledges Hare has no reported violations while on supervised release. Hare reports to be gainfully employed, in a relationship, and financially stable (Dkt. 45 at 2-4). Hare also reports to have maintained his sobriety, and Probation indicates no substance abuse issues (*id.*).

Although the Court considers Hare's performance while on supervised release, it must still consider his history and characteristics "as a whole." *See United States v. Vanleishout*, No. 1:13-CR-00195-DCN, 2025 WL 2097365, at *2 (D. Idaho July 24, 2025) ("His characteristics, taken as a whole, underscore the necessity of continued supervision under 18 U.S.C. § 3553(a)."). Hare was convicted of attempted second degree murder, which was the predicate felony for his unlawful possession charge in this case (Dkt. 1; Dkt. 34 at ¶ 1). He was also convicted for battery by prisoner (Dkt. 34 at ¶¶ 26-31). Later, while on parole, Hare absconded from California until his arrest in Idaho, during which police discovered he unlawfully possessed a firearm (*id.*).

The Court commends Hare's steps toward rehabilitation, which as he points out, is a central goal of supervised release (Dkt. 45 at 6) (citing *United States v. Johnson*, 529 U.S. 53, 59 (2000)). While the Court recognizes Hare's progress, it also must weigh Hare's long criminal history, which

includes attempted murder, battery, firearms, drugs, and absconding from supervision. Based on Hare's history and characteristics taken as a whole, the Court concludes the applicable sentencing factors support Hare's continued supervision.

### C. Need to Afford Adequate Deterrence to Criminal Conduct

Where the goals of deterrence are better accomplished by continuing supervised release, the interests of justice weigh against early termination. *See United States v. Eastlick*, No. 2:18-CR-00286-DCN, 2021 WL 2459468, at *3 (D. Idaho 2021). Given Hare's criminal history, including crimes of violence and involving firearms, the Court has a strong interest in deterring future misconduct.

Hare cites the recently-issued case *Esteras v. United States*, 145 S. Ct. 2031 (2025), for the premise that "supervised release serves forward-looking ends," not the "backward-looking purpose of retribution" (Dkt. 50 at 2). *Esteras* resolved a circuit split by holding that district courts may not consider § 3553(a)(2)(A) when revoking supervised release. 145 S. Ct. at 2040. Section 3553(a)(2)(A) considers the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." In interpreting the text of § 3553 and its related provisions, the Supreme Court recognized "Congress's decision to exclude retribution from the calculus" for revocation of supervised release. *Esteras*, 145 S. Ct. at 2041.

The Court notes that before the Supreme Court's recent ruling, *Estera's* main holding regarding § 3553(a)(2)(A) was already the law of the Ninth Circuit. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) ("Given that § 3553(a)(2)(A) is a factor that Congress deliberately omitted from the list applicable to revocation sentencing, relying on that factor when imposing a revocation sentence would be improper."). While Hare's pending motion involves

**MEMORANDUM DECISION AND ORDER - 6**

*early termination* rather than *Estera's* focus on *revocation* of supervised release, the Ninth Circuit has advised that even in the context of early termination, "Congress specifically left out from consideration the need . . . to provide just punishment for the offense." *United States v. Roufs*, No. 22-10066, 2023 WL 2202220, at *1 (9th Cir. Feb. 24, 2023) (citing 18 U.S.C. §§ 3553(a)(2)(A), 3583(e)). Accordingly, the Court will not consider "retribution" or "punishment" for purposes of Hare's motion for early termination.

Here, deterrence—which is distinct from retribution or punishment—weighs against early termination. As *Estara* explains, deterrence is one of the "forward-looking" ends of sentencing that a court must consider for purposes of supervised release. 145 S. Ct. at 2041 (explaining "when a defendant violates the conditions of his supervised release, it makes sense that a court must consider the forward-looking ends of sentencing (*deterrence*, incapacitation, and rehabilitation)") (emphasis added). Rather than punish Hare, the Court finds continued supervision will work to deter him from repeat offenses and ensure his continued rehabilitation.

D.   **Unwarranted Sentence Disparities**

Hare asks the Court to consider a recent District of Oregon case where the court granted early termination of supervised release for a defendant convicted of operating methamphetamine production labs (Dkt. 45 at 9) (citing *United States v. Garcia-Rivas,* 711 F. Supp. 3d 1246 (D. Or. 2024)). Hare also takes issue with the Government's characterization that "mere compliance is expected" and responds that "the reality of supervised release litigation in our district" shows "many individuals on supervised release have received early termination after steady compliance" (Dkt. 50 at 4) (citing multiple early termination cases from the District of Idaho).

Here, the Court considers Hare's particular offense, history, and characteristics compared to similarly situated defendants. The Court notes that defendants with comparably extensive criminal histories, who had past instances of non-compliance with court orders, and who were also convicted of firearm-related charges, also faced a similar length of supervised release. *See, e.g.*, *Gushwa*, 2024 WL 4266434, at *2 (denying motion for early termination of supervised release and confirming three-year term for unlawful firearm possession conviction); *United States v. Gibson*, No. 1:16-CR-00090-DCN, 2024 WL 2784187 (D. Idaho May 30, 2024) (same); *see also United States v. Thorpe*, No. 1:19-CR-00123-BLW, 2023 WL 2354876 (D. Idaho Mar. 3, 2023) (relying on similar early termination analysis to affirm five years of probation). Accordingly, the Court finds that concerns regarding sentence disparities do not weigh against Hare's continued supervision.

In reviewing all relevant factors under 18 U.S.C. § 3553(a), the Court finds early termination of supervised release is not appropriate and denies the motion. The Court commends Hare for his efforts while on supervision, however, and encourages him to continue to make good decisions both during supervision and after his release.

## IV.   ORDER

**IT IS ORDERED that:**

1. Defendant Vernon Allen Hare's Motion for Early Termination (Dkt. 45) is **DENIED**.

DATED: August 18, 2025

Amanda K. Brailsford
U.S. District Court Judge